[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2010
JOHN P. LEY
ACTING CLERK

_____

No. 09-10820
Non-Argument Calendar

_____

Agency No. A079-408-072

BIN CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 7, 2010)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Bin Chen, a native and citizen of China, petitions for review of the order by

the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings. No reversible error has been shown; we deny the petition.

We review the denial of a motion to reopen for an abuse of discretion. Jiang v. U.S. Attorney Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). The BIA has discretion to reopen proceedings "as it sees fit." Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999); see also 8 C.F.R. § 1003.2(a) ("The [BIA] has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."). Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. Jiang, 568 F.3d at 1256. "Motions to reopen in removal proceedings are particularly disfavored." Id.

A party may file only one motion to reopen which "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). A motion to reopen must be filed no later than 90 days after the final administrative decision. 8 C.F.R. § 1003.2(c)(2). But this time limit does not apply if the motion to reopen is based on changed circumstances in the country of the movant's nationality. Id. § 1003.2(c)(3)(ii). To meet this exception, a movant must offer material evidence that "was not available and could not have been discovered or presented at the previous hearing." Id.

Chen sought to reopen his removal proceedings and file a successive asylum application based on his membership in the Chinese Democracy Party ("CDP").[1] Chen alleged that -- after the IJ ordered him removed -- he joined the CDP while in the United States and that he had been an active member of the CDP, participating in rallies and publishing articles critical of the Chinese government on a CDP website. In his motion, he submitted several articles and U.S. State Department Country Reports on Human Rights Practices in China; and he contended that these documents demonstrated changed country conditions in how the Chinese government treated dissidents who expressed their political opinions over the internet. Chen maintained that he feared persecution if he returned to China because of his activities with the CDP.

The BIA denied the motion to reopen, concluding that the motion was untimely and that Chen's decision to join the CDP represented a change in personal circumstances, not a change in country conditions. And even still, the BIA reasoned, the evidence Chen presented did not sufficiently show a change in country conditions since his October 2004 asylum hearing.

On appeal, Chen argues that the BIA did not evaluate appropriately his submitted evidence and that he did demonstrate changed country conditions. We

---

[1]Chen originally sought relief from removal because he was a practitioner of Falun Gong.

disagree. Chen's submitted evidence -- all of which the BIA considered -- showed that both before and after Chen was denied asylum, the Chinese government monitored, detained, arrested, and imprisoned members of the CDP who used the internet to publish articles criticizing the government.[2] The articles and country reports about treatment of CDP members from after his asylum denial did not reflect a material change in the treatment of CDP members. Nothing evidenced that the Chinese government was more stringently punishing CDP members. See Jiang, 568 F.3d at 1258 (changed country conditions may arise when a government begins "more stringently" to enforce preexisting laws in a country). Therefore, we do not conclude that the BIA's denial of Chen's motion was an abuse of discretion.[3]

Because Chen's motion to reopen was not timely, and he did not present evidence establishing changed conditions in China, the BIA's denial of his motion was not arbitrary or capricious, or otherwise an abuse of discretion.

PETITION DENIED.

---

[2]Three of the articles Chen submitted about the treatment of CDP members predated his October 2004 denial of removal relief.

[3]Because Chen's submitted documents did not evidence a change in China's conditions, we need not address his claim that his evidence demonstrated a prima facie case for relief from removal.